## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN G. BAUMGARTEN, | DOCKET NUMBER |
| Appellant, | CH-1221-13-0579-W-2 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: October 23, 2014 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John G. Baumgarten, FPO, APO/FPO Pacific, pro se.

Gary F. Baumann, Esquire, Fort Campbell, Kentucky, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision which dismissed for lack of jurisdiction his request for corrective action in connection with his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　　On December 28, 2011, the appellant filed an appeal challenging the agency's action removing him during probation from his GS-13 Supervisory IT Specialist position, effective November 28, 2011, and returning him to the GS-12 position he held prior to his promotion to GS-13. He alleged that the agency's action was discriminatory based on race and disability and was in retaliation for his whistleblowing activity. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had failed to make a nonfrivolous allegation that the action was based on partisan political affiliation or marital status and that, as to his whistleblowing claim, he had not exhausted his remedy before the Office of Special Counsel (OSC). *Baumgarten v. Department of the Army*, MSPB Docket No. CH-315I-12-0176-I-1, Initial Decision (Mar. 9. 2012).

¶3　　　On April 2, 2013, the appellant filed a complaint with OSC in which he alleged that the agency's action was in retaliation for his whistleblowing activity, specifically, his disclosing contract improprieties. MSPB Docket No. CH-1221-13-0579-W-1 (W-1), Initial Appeal File (IAF), Tab 1 at 13. He also noted that, on November 30, 2012, in connection with his equal employment opportunity

(EEO) complaint, he had reached a settlement but that the agency had failed to comply and that failure evidenced "more retaliation for my whistle blowing." *Id.* at 22. After OSC decided to close its file on the matter, *id.* at 5, the appellant filed an IRA appeal, *id.* at 1. The administrative judge afforded him complete information regarding what he needed to allege in order to establish the Board's jurisdiction over his whistleblowing claim. *Id.*, Tab 2. In its response, the agency explained and offered evidence to show that the settlement agreement reached through the EEO process was a global one, settling all complaints and claims the appellant might have had against the agency up to that time and that he agreed to refrain from initiating any other actions or appeals. *Id.*, Tab 6 at 4-5, 10. The agency further argued and provided evidence to show that the appellant had raised the issue of the agency's alleged noncompliance with the settlement agreement to the proper authority, which found that the agency was in full compliance, *id.* at 5, 13; and that he had appealed that agency decision to the Equal Employment Opportunity Commission's Office of Federal Operations (OFO) where a decision was pending, *id.* at 5, 27.

¶4    The administrative judge dismissed the appellant's appeal without prejudice, providing that he could refile within 30 days of a final decision on his earlier appeal which was then pending before the Board on his petition for review. W-1, IAF, Tab 8, Initial Decision (W-1 ID) at 1, 4.

¶5    After the Board dismissed the appellant's petition for review as untimely filed, *Baumgarten v. Department of the Army*, MSPB Docket No. CH-315I-12-0176-I-1, Final Order (Feb. 28, 2014), the appellant refiled his IRA appeal. MSPB Docket No. CH-1221-13-0579-W-2 (W-2), IAF, Tab 1. In response, the agency argued and provided evidence to show that the OFO had remanded to the agency the appellant's challenge to its finding that there was no breach of the settlement agreement, with instructions to supplement the record with additional evidence and to issue a new decision, *id.*, Tab 4 at 4, 18; that the agency had done so, again finding no breach of the agreement, *id.* at 4-5, 6; and that OFO had

affirmed that decision, *id.* at 5, 33. The agency urged that the appeal be dismissed because the matter had been fully settled by agreement of the parties. *Id.* at 5.

¶6 The administrative judge ordered the appellant to show cause why his appeal should not be dismissed based on the settlement agreement. *Id.*, Tab 7. She also stated that he could challenge the agreement as invalid and explained how to raise such a claim. *Id.* In response, the appellant argued only that the agency had breached the agreement. *Id.*, Tab 8.

¶7 In her initial decision issued on the written record, the administrative judge first found that, based on the terms of the settlement agreement, the appellant waived his right to challenge his reduction in grade. W-2, IAF, Tab 9, ID (W-2 ID) at 6. As to the appellant's claim for corrective action based on his allegation that the agency breached the settlement agreement in retaliation for his whistleblowing activity, the administrative judge found that he failed to allege that the agency took or threatened to take a covered personnel action against him on that basis and therefore the Board lacks jurisdiction to review his claim of breach as a request for corrective action. W-2 ID at 7. She thus dismissed his appeal.

¶8 The appellant filed a pleading with the Board's Central Regional Office, Petition for Review (PFR) File, Tab 1, which was forwarded to the Office of the Clerk of the Board as a petition for review, *id.*, Tab 2.

¶9 A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. In addition, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determinations are wrong and identify the specific evidence in the record that demonstrates the error. *Herndon v. Department of the Navy*, 97 M.S.P.R. 609, ¶ 7 (2004).

¶10        Here, the appellant's petition clearly does not meet the criteria for review. *See* 5 C.F.R. § 1201.115; PFR File Tab 1.  He does not challenge the administrative judge's finding that the appeal of his reduction in grade is properly dismissed as settled, and we agree with that disposition.  *See Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 7 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010). The appellant asks only that the processing of his case be suspended because of his further pending litigation, specifically, his July 15, 2014 claim to OFO that the settlement agreement should be voided because of allegedly newly-discovered information showing that the agency is in breach, PFR File, Tab 1 at 5, and the June 24, 2014 petition for review he filed in the U.S. Court of Appeals for the Federal Circuit concerning *Baumgarten v. Department of the Navy,* MSPB Docket No. CH-315I-12-0176-I-1, Final Order (Feb. 28, 2014); PFR File, Tab 1 at 22. To the extent that the appellant argues that these pleadings constitute new and material evidence, they do not.  Although both filings were initiated after the close of the record below, *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980), neither is of sufficient weight to warrant an outcome different from that of the initial decision.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶11        Moreover, we agree with the administrative judge's finding that the appellant failed to nonfrivolously allege that he was subjected to a covered personnel action based on his claim that the agency breached the settlement agreement in retaliation for his whistleblowing activity.    5 U.S.C. § 2302(a)(2)(A).  We further agree that, in the absence of that nonfrivolous allegation, the appellant has failed to establish the Board's jurisdiction over his IRA appeal in that regard and that it must be dismissed.[2]  *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 11 (2014).

---

[2] At the outset of the initial decision, the administrative judge stated that, "[f]or the reasons set forth below, the appellant's request for corrective action is DENIED."  W-2 ID at 2.  However, after analyzing the issues in the appeal, she found that, as to the

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

---

appellant's challenge that his reduction in grade was retaliatory based on his whistleblowing activity, he had waived his right to appeal that matter based on the terms of the settlement agreement and that, in that regard, his appeal was dismissed as settled. As to his claim that the agency's alleged breach of the settlement agreement was itself retaliatory, the administrative judge found that the appellant failed to allege that he was subjected to a personnel action under the Whistleblower Protection Act and that therefore the Board lacks jurisdiction over his IRA appeal in that regard. W-2 ID at 7. As set forth above, we agree with these findings and dispositions and here correct the administrative judge's initial misstatement.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.